### TUTHILL *et al v.* SKIDMORE *et al.*

(*Supreme Court, General Term, Second Department.* May 14, 1888.)

1. SALE—VENDOR'S LIEN—POSSESSION OF GOODS AFTER PROTEST OF NOTES FOR PRICE.
   If the seller parts with his title to goods, but retains them in his possession until the vendee's notes given therefor are dishonored, his lien for the purchase money revives, and a creditor of the vendee cannot lawfully take the goods from the seller in disregard of such lien.

2. SAME—ABSCONDING PURCHASER—RIGHT OF SELLER TO RETAKE GOODS.
   Where a purchaser allows his notes for the purchase price of goods to be dishonored, and he disappears and is not heard of afterwards, it is evidence of insolvency, which will entitle the vendor to retake the goods.

3. SAME—RIGHTS OF SELLER— ALTERNATIVE RELIEF—MOTION TO COMPEL ELECTION.
   Plaintiffs in replevin alleged in their complaint that they were owners of the property in controversy, but if on trial it should be adjudged that they were not the owners, that they had a lien for the purchase price. *Held*, that plaintiffs should not be required to elect before trial on which phase of the case they would seek to recover.

Appeal from circuit court, Suffolk county; C. F. BROWN, Judge.

This action was brought by Ellsworth Tuthill and others, doing business under the name of Ellsworth Tuthill & Co., against William H. Skidmore and George H. Hand, sheriff and deputy-sheriff of the county of Suffolk, to recover possession of a lot of property claimed to have been wrongfully taken from their possession by said defendants. Plaintiffs in substance declared as follows: "The above-named plaintiffs for their complaint allege that they were at the time of the commencement of this action and at the times hereinafter mentioned the owners of the following described chattels, viz., 500 tons of fish-scrap, the same being in the fish factory of these plaintiffs; * * * that the said chattels were then the property of said plaintiffs, who were entitled to the possession thereof; that the plaintiffs (if upon the trial it should be adjudged that they are not the legal owners of said chattels) have, and at the time of the wrongful taking and detention herein mentioned had, a special property therein, to-wit, a lien for unpaid purchase money. * * *" The answer denied the material allegations of the complaint. On trial, before taking testimony, defendant moved that plaintiffs be required to elect whether they would seek to recover as owners or by virtue of a lien for unpaid purchase money. This motion the court denied. It appeared on trial of the action that on or about the 11th day of September, 1886, plaintiffs sold through brokers in the city of New York to Walter E. Lawton 500 tons of fish-scrap, pursuant to terms of a written contract, by which it was agreed that the same should be ready for delivery before the close of plaintiff's works, on payment by buyer's notes at four months, with interest, on presentation of bills of lading, invoice, and weigher's return; or at the option of the purchaser, if said fish-scrap was not removed, the buyer was to give his notes, with the privilege of leaving the same, at his risk, at their own factory, free of storage. On the 12th day of November, 1886, plaintiffs received notes from Lawton for the price of the scrap, and delivered to him a receipt or order for the property. The property remained in plaintiff's possession, and at maturity of the notes they went to protest and never were paid, and nothing was ever paid or tendered on account of the purchase money for the fish-scrap. On or about the day when the first note became due, March 15, 1887, Lawton disappeared from New York city, where he had been doing business, and has not been heard of

since. It appeared in evidence by the non-payment of these notes, amounting to $13,000, and a judgment for over $22,000 taken against him by Joseph L. Morton, the attaching creditor, on the 15th day of June, 1887, all of which is unpaid, that he was at that time insolvent, and has since continued to be and is insolvent. On the 29th of March, 1887, the above-named Joseph L. Morton, a creditor of said Lawton, procured and placed in the hands of defendant Skidmore, sheriff of Suffolk county, an attachment against the property of said Lawton, and on that day he seized the property in controversy. Plaintiffs made a demand for the property, and upon refusal instituted this suit. On trial, there being no dispute as to the evidence, the judge directed a verdict in blank; and, after hearing arguments on points of law, directed a verdict for plaintiffs, and judgment was entered accordingly. From this judgment defendants appeal.

Argued before BARNARD, P. J., and PRATT and DYKMAN, JJ.

*Abram Kling*, for appellants. *Thomas Young*, for respondents.

PRATT, J. If it be conceded that the title to the goods passed to the purchaser which may admit of doubt, the fact remains that as the goods continued in the vendor's possession until the notes given therefor became dishonored, his lien for the unpaid purchase money revived, (Story, Sales, § 287;) and as the defendants, under their attachment, can only succeed to such rights as their debtor possessed, it follows that the sheriff could not lawfully take the goods from these plaintiffs in disregard of their vendor's lien. This would be true irrespective of the insolvency of the vendee. But the evidence of the vendee's insolvency is ample. His allowing his notes to be dishonored is evidence of insolvency which would enable the vendor to retake his goods, even though the term of credit had not expired. The court was entirely right in refusing to require the plaintiffs to elect upon which claim they would proceed. Where the nature of a plaintiff's claim is in doubt, he should be permitted to prove the facts, and the court should allow such recovery as it may judge to be his right. It is a travesty of justice to require a party to elect, and when his election is made, to say, in effect, Had you elected otherwise you might have recovered; now you must fail. If a court were a mere debating society, such a course might be proper; but if it is an instrument of justice, such methods can only serve to defeat its object. The difficulties in obtaining justice are sufficiently great that no need exists to increase and aggravate them by traps and technicalities. If the court finds difficulty in deciding upon what ground a party's recovery should go, so much the greater must be the difficulty of counsel, who cannot so accurately know the views of the tribunal upon which the decision must depend. Judgment affirmed, with costs.

BARNARD, P. J., and DYKMAN, J., concurred.